
SERVICE



## IN THE 14TH JUDICIAL CIRCUIT COURT, HOWARD COUNTY, MISSOURI

| Judge or Division: SCOTT A HAYES | Case Number: 11HD-CC00029 |
|---|---|
| Plaintiff/Petitioner: JAMES L MAUPIN vs. | Plaintiff's/Petitioner's Attorney/Address FRANK ROBERT FLASPOHLER PO BOX 329 FAYETTE, MO 65248 |
| Defendant/Respondent: KENNETH STANLEY | Court Address: #1 COURTHOUSE SQUARE FAYETTE, MO 65248 |
| Nature of Suit: CC Other Tort | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: CHARLIE POLSON
Alias:
HOWARD COUNTY SHERIFF'S DEPT
100 N MULBERRY
FAYETTE, MO 65248

COURT SEAL OF HOWARD COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

3-24-11 Date                    Clerk
Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
(Seal)   Subscribed and sworn to before me on _____ (date).
My commission expires: _____
             Date                                Notary Public

Sheriff's Fees
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage              $_____  (_____ miles @ $_____ per mile)
Total                $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) For Court Use Only: Document Id # 11-SMCC-75    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:11-cv-04108-NKL   Document 1-1   Filed 04/13/11   Page 1 of 13

## IN THE FOURTEENTH CIRCUIT COURT OF HOWARD COUNTY
### CIVIL DIVISION

James & Barbara Maupin,
      Plaintiffs

v.

Kenneth Stanley,
Charles Polson,
 *Sheriff of Howard County,*
Dennis White, Charles Lusby,
Jeffrey Watts, & Nathaniel Stoebe,
 *Deputies of Howard County,*
      Defendants

FILED
MAR 23 2011
CHARLES FLASPOHLER
Circuit Clerk, Howard County, Mo.

Case Number: 11HD-CV 00029

### COUNT ONE
### PETITION FOR TRESPASS TO LAND BY NEIGHBOR'S FALLEN TREE

Comes now, Plaintiffs James & Barbara Maupin, with the undersigned counsel, and for their cause of action in Trespass to Land against Defendant Kenneth Stanley state the following:

1. Plaintiffs are the owners and in possession of the real property located at 4724 Highway 87, Franklin, situated in the County of Howard, State of Missouri.

2. Defendant resides on a neighboring piece of property, situated in the County of Howard, State of Missouri.

3. The property line between Plaintiffs and Defendant is separated by a lawful fence, composed of barbed wire.

4. On or about October 15, 2010, a tree situated entirely on the property of Defendant fell onto the fence separating the property of Plaintiffs and Defendant, damaging the fence and committing a trespass upon Plaintiffs land.

Page 1 of 12

5. The trespass of the tree has caused damage to the fence owned by the Plaintiffs and although they have made demand against Defendant, Defendant has refused to remove the fallen tree from Plaintiffs property.

WHEREFORE, Plaintiffs request this Court enter a judgment in favor of Plaintiffs and against Defendant Kenneth Stanley for the following relief:

1. Plaintiffs shall be awarded damages against Defendant for the removal and disposal of the fallen tree, and Defendant shall be responsible for the repair and restoration of the fence.
2. Defendant shall be liable for court costs and attorneys fees as permitted by law.

## COUNT TWO
### PETITION FOR REPLEVIN OF COW & CALF

Comes now, Plaintiffs James & Barbara Maupin, with the undersigned counsel, and for their cause of action in Replevin against Defendant Kenneth Stanley state the following:

1. Plaintiffs and Defendant are residents of Franklin, Missouri, domiciled in the County of Howard, State of Missouri.
2. Plaintiffs are the owners and rightful possessors of a black cow & calf pair, with the cow being approximately two years of age and the calf being less than twelve months of age. The black cow bears a small burn mark on its rear left leg, near the hoof.
3. The said cow & calf pair crossed the lawful fence on or about October 15, 2010, which had been damaged by a fallen tree, as described in Count One of this Petition,

Page 2 of 12

  incorporated here by reference. This barbed wire fence separates the property of Plaintiffs' and Defendant.

4. Defendant has been, and currently is, in the possession of the cow & calf pair.

5. Plaintiffs have demanded the return of the cow & calf pair, but Defendant has refused to return the animals.

6. The estimated value of the cow-calf pair is $1,600.00, and it has not been seized under any lawful lien, execution or process against the property of Plaintiffs.

WHEREFORE, Plaintiffs request this Court enter a judgment in favor of Plaintiffs and against Defendant Kenneth Stanley for the following relief:

1. Defendant shall be ordered to immediately return possession of the cow & calf pair to Plaintiffs and to pay any damages suffered by Plaintiffs as a result of Defendant's possession.

2. In the alternative, Defendant shall be ordered to pay the estimated market value of the cow & calf pair as damages for the wrongful detention and conversion of the animals.

## COUNT THREE
### PETITION FOR TRESPASS TO LAND BY CATTLE

Comes now, Plaintiffs James & Barbara Maupin, with the undersigned counsel, and for their cause of action in Trespass to Land against Defendant Kenneth Stanley state the following:

1. Plaintiffs are the owners and in possession of the real property located at 4724 Highway 87, Franklin, situated in the County of Howard, State of Missouri.

2. Plaintiffs' property is separated from Defendant's neighboring property by a barbed wire fence.

3. On or about October 15, 2010, the fence was damaged by a fallen tree as described in Count One, incorporated here by reference, and Defendant's cattle crossed through the damaged fence onto the land belonging to Plaintiffs and committed a trespass thereon.

4. In the course of this trespass, Defendant's cattle caused damage to the pasture and grass of Plaintiffs.

5. Pursuant to RSMO § 272.230, Plaintiffs further provided reasonable care for approximately thirteen cattle, more or less, while on their property for a period of five weeks, ensuring the animals had proper food and water. Such reasonable care included, but was not limited to, seventy bales of hay, valued at $6.00 per bale.

6. Despite notice to Defendant, the cattle were permitted by Defendant to remain on the property owned by and in the possession of the Plaintiffs, and Defendant knowingly allowed Plaintiffs to continue caring for the animals.

WHEREFORE, Plaintiffs request this Court enter a judgment in favor of Plaintiffs and against Defendant Kenneth Stanley for the following relief:

1. Actual Damages in the sum of $10.00 per head for reasonable pasture, $420.00 for hay fed to the cattle, and a fair and reasonable amount for water and keep for the period of five weeks.

2. Attorneys fees and costs as permitted by law.

3. For any other relief determined by this Court to be just and appropriate.

Page 4 of 12

## COUNT FOUR
### PETITION FOR TRESPASS TO LAND BY SHERIFF & DEPUTIES

Comes now, Plaintiffs James & Barbara Maupin, with the undersigned counsel, and for their cause of action in Trespass to Land against Defendants, Sheriff Charles Polson, Deputy Dennis White, Deputy Charles Lusby, Deputy Jeffrey Watts and Deputy Nathaniel Stoebe, state the following:

1. Plaintiffs are the owners and in possession of the real property located at 4724 Highway 87, Franklin, situated in the County of Howard, State of Missouri.
2. Defendants were previously aware of the dispute regarding the fence and cattle provided for in Counts One, Two, Three and Four of this Petition, each incorporated here by reference, and had on several occasions advised the parties to seek a legal solution in court.
3. On Wednesday, March 16, 2011, Defendants entered onto the real property of the Plaintiffs, without lawful authority or consent, and committed a trespass thereon.
4. Acting beyond the scope of their legal authority, Defendants unlawfully entered the property, removed a locked gate from its hinges to gain access to the pasture lot where the cattle were being held, and the Defendants together herded the cattle across the field and onto the neighbor's property.
5. In doing so, Defendants deprived Plaintiffs of their right to possession of the cattle to ensure the feed bill for their damages was paid by the neighbor.
6. As part of the act of trespass, Defendants caused damage to the gate by permanently ruining the hinges and resulting in actual damages of $200.00. Further, Defendants

damaged Plaintiffs by depriving them of their right to hold the cattle to ensure payment of the feed bill.

7. Defendants entered onto such property in a manner that was both willful and intentional making punitive damages appropriate.

WHEREFORE, Plaintiffs request this Court enter a judgment against the Defendants for the following relief:

1. Actual Damages in the sum of $200.00 for the gate, and for an amount regarding the lost security interest in the cattle as a jury may find fair and reasonable.
2. Punitive damages as the jury may find fair and reasonable.
3. Attorneys' fees and costs as permitted by law.
4. For any other relief determined by this Court to be just and appropriate.

## COUNT FIVE
### PETITION FOR NEGLIGENCE IN REMOVAL OF GATE

Comes now, Plaintiffs James & Barbara Maupin, with the undersigned counsel, and for their cause of action in Negligence against Defendants, Sheriff Charles Polson, Deputy Dennis White, Deputy Charles Lusby, Deputy Jeffrey Watts and Deputy Nathaniel Stoebe, state the following:

1. The facts and allegations of Counts One, Two, Three & Four of this Petition are hereby incorporated by reference.

2. While unlawfully present on the property owned by Plaintiffs, Defendants negligently removed a locked gate from its hinges, permanently damaging the hinges and making the gate unusable.

WHEREFORE, Plaintiffs request this Court enter a judgment in favor of Plaintiffs and against the Defendants for the following relief:

1. Actual Damages for the damage to the gate.
2. Attorneys' fees and costs as permitted by law.
3. For any other relief determined by this Court to be just and appropriate.

### COUNT SIX
### PETITION FOR CONVERSION OF CATTLE BY SHERIFF & DEPUTIES

Comes now, Plaintiffs James & Barbara Maupin, with the undersigned counsel, and for their cause of action in Conversion against Defendants, Sheriff Charles Polson, Deputy Dennis White, Deputy Charles Lusby, Deputy Jeffrey Watts and Deputy Nathaniel Stoebe, state the following:

3. The facts and allegations of Counts One, Two, Three & Four of this Petition are hereby incorporated by reference.
4. Plaintiffs were in lawful possession of the cattle and had rightfully provided them with feed and water, as well as having suffered damages by their presence on this property, and they were lawfully entitled to recover such damages before surrendering possession of the cattle.

Page 7 of 12

5. Defendants were aware that Plaintiffs had submitted a feed bill to the neighbor, pursuant to RSMO § 272.230, for their costs in feeding and providing for the cattle.

6. Plaintiffs had an absolute statutory right to retain possession of the cattle until the feed bill and associated damages were paid by the neighbor, Kenneth Stanley.

7. Defendants wrongfully took possession of the cattle from the Plaintiffs land and returned them to the neighbor's property.

WHEREFORE, Plaintiffs request this Court enter a judgment in favor of Plaintiffs and against the Defendants for the following relief:

4. Actual Damages for the amount of the security interest provided by the cattle subjected to Defendants' wrongful conversion.

5. Punitive damages as the jury may find fair and reasonable.

6. Attorneys' fees and costs as permitted by law.

7. For any other relief determined by this Court to be just and appropriate.

## COUNT SEVEN
### COMPLAINT UNDER 42 U.S.C. § 1983 FOR VIOLATION OF RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION

Comes now, Plaintiffs James & Barbara Maupin, with the undersigned counsel, and for their cause of action under 42 U.S.C. § 1983 against Defendants Sheriff Charles Polson, Deputy Dennis White, Deputy Charles Lusby, Deputy Jeffrey Watts and Deputy Nathaniel Stoebe, state the following:

1. Plaintiffs, James & Barbara Maupin, are citizens of the United States and the State of Missouri. They are residents of Franklin, Howard County, Missouri, in the Western District of Missouri.

2. Defendant, Charles Polson, is a citizen of the United States and of the State of Missouri. He is a resident of Glasgow, Howard County, Missouri, in the Western District of Missouri. He is and, at all times relevant to this action, was the duly elected sheriff of Howard County, Missouri.

3. Defendants, Dennis White, Jeffrey Watts, Charles Lusby & Nathaniel Stoebe, are citizens of the United States and of the State of Missouri. They are each residents of Howard County, Missouri, in the Western District of Missouri. They are, and at all times relevant to this action, were duly employed deputies of the Howard County Sheriff's Department.

4. Defendant, Charles Polson, is sued in his official capacity as Sheriff of Howard County, Missouri, and also in his individual capacity.

5. Defendants, Dennis White, Jeffrey Watts, Charles Lusby & Nathaniel Soebe, are each sued in their official capacity as Sheriff Deputies of Howard County and are not sued in their individual capacity.

6. This action is brought under 42 U.S.C. § 1983 to remedy deprivation of the rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, namely the constitutional guarantee against unlawful searches and seizures of property and the promise of due process.

7. The federal district court jurisdiction is provided under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court has concurrent jurisdiction with the federal district courts under the principle of *Howlett v. Rose*, 496 U.S. 356 (1990). Therefore, this Court has jurisdiction to hear the matter in this case.

8. Under 28 U.S.C. § 1391(b)(1) and RSMO § 508.010.2, venue is proper in this Court.

9. On March 16, 2011, Defendants, acting under the color of state law, deprived Plaintiffs of their rights, privileges and immunities secured by the laws of the Untied States as follows:

    a. The facts and allegations contained in Counts One, Two, Three, Four & Five of this Petitioner are hereby incorporated by reference.

    b. Defendant, Charles Polson, acting in his official capacity as Sheriff of Howard County, together with Deputy Dennis White, Deputy Jeffrey Watts, Deputy Charles Lusby, and Deputy Nathaniel Stoebe, each being deputies under the authority of Sheriff Charles Polson, entered unlawfully unto the premises

owned by the Plaintiffs, located at 4724 Highway 87, in Franklin, Howard County, Missouri.

c. Defendants entered such premises without consent, warrant or other legal right, wrongfully violating the homestead and privacy of Plaintiffs.

d. Such entry onto the premises under the possession of Plaintiffs was both an unlawful entry and a trespass and deprived the Plaintiffs of their civil rights.

e. In the course of the unlawful entry and trespass, Defendants removed a locked gate from its hinges, breaking the gate upon their entry to the land.

f. Further, the primary motivation for the trespass was the unauthorized removal and conversion of cattle in which Plaintiffs had an absolute statutory right of retention under RSMO § 272.230.

g. In violation of the Fourth Amendment of the United States Constitution, Defendants invaded the Plaintiffs' reasonable expectation of privacy and their right to be free from unlawful invasions of such privacy, namely the protection against unlawful searches and seizures.

h. In violation of the Fourteenth Amendment of the United States Constitution, Defendants further deprived Plaintiffs of the rightful possession of the cattle, doing so without any legal right or due process of law, and in contravention of the statutory provisions of RSMO § 272.230.

10. As a direct and proximate result of the actions of Defendants described above, Plaintiffs have suffered damages in their lost property and in the violation of the rights guaranteed to them by the United States Constitution.

Page 11 of 12

11. The actions of Defendants described above were performed with reckless and callous disregard for the constitutional rights of Plaintiffs, entitling Plaintiffs to punitive damages in an amount to be determined by a jury.

WHEREFORE, Plaintiffs request this Court for the following relief in favor of Plaintiffs and against Defendants Sheriff Charles Polson, Deputy Dennis White, Deputy Charles Lusby, Deputy Jeffrey Watts and Deputy Nathaniel Stoebe:

1. Actual damages in the amount the jury finds fair and reasonable.
2. Punitive damages in the amount the jury finds fair and reasonable.
3. Recovery for Plaintiffs' reasonable attorneys' fees and costs in this action.
4. Such other relief as this Court determines to be just and proper.

Respectfully submitted:

Frank Robert Flaspohler, #62684
Attorney for Petitioners
Post Office Box 329
Fayette, Missouri 65248
(660) 248-1040 *telephone*
(660) 248-1081 *facsimile*
*flaspohlerlegal@gmail.com*

Page 12 of 12